## Palmerton Borough *v*. Wolensky, Appellant.

*Road law—Dedication of street—Public highway—Streets—Plan of lots—Reservation of ownership of streets—Municipal lien—Paving.*

1. Where a street is plotted on a plan of lots, and the owner sells the lots, reserving to himself full ownership in the streets in the plan, with the right in his grantees and their successors to use them as highways, and the street in question is used for twenty years as the principal street of a borough, an owner with property abutting thereon cannot defend against a municipal lien, for paving the cartway in front of his lot, on the ground that the street was not a public highway.

2. In such case, for the purpose of preserving and maintaining the avenue as a public highway, the authority of the borough is paramount and exclusive whether title to the soil in the bed of the street be held by the owner of the abutting lot or remains in the original owner.

Argued March 6, 1923. Appeal, No. 183, Jan. T., 1923, by defendant, from order of C. P. Carbon Co., April T., 1921 No. 36, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Palmerton Borough v. Louis Wolensky. MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Scire facias sur municipal lien.

Rule for judgment for want of a sufficient affidavit of defense. Before BARBER, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*Edmund D. Smith,* with him *Ira E. Seidle* and *N. M. Balliet,* for appellant.

*Raymond F. Smith* and *Freyman, Thomas & Branch,* for appellee, were not heard.

PER CURIAM, April 9, 1923:

Defendant appeals from a judgment entered against him for want of a sufficient affidavit of defense. The real point in the case, as shown by appellant's statement of questions involved, concerns the right of plaintiff borough to file a municipal lien for paving the cartway in front of defendant's property, the latter's contention being that Delaware Avenue, in the Borough of Palmerton, Carbon County, is not, in point of law, such a public street as warranted plaintiff in assessing the cost of the paving against properties abutting thereon. It appears that the street in question was plotted on a plan by the owner of the original tract of land; this plan was recorded long ago; since then, the street has been used for twenty years or more as the "main thoroughfare and business street of the town"; and, finally, the lien was filed May 5, 1921, "in pursuance of municipal action regularly taken," which appellant does not question. He depends on the fact that, when the sale to his predecessor in title was made by the owner of the tract, a provision appeared in the deed, which has since been carried in the title, as follows: "Excepting and reserving to the party of the first part, its successors and assigns, the full ownership of, in and to the roads, streets and alleys upon which said lots or pieces of ground abut subject only to such use of the same as highways by the party of the second part, his heirs, and assigns, as is necessary to the enjoyment of the premises herein conveyed." Appellant contends that the effect of the above provision is to reserve the title to the land forming the bed of the street

in such manner that it could not in the future become a public highway in any way other than by formal condemnation. We do not agree with this contention. The facts already cited are ample to show dedication by the owner who plotted the street, and subsequent acceptance by public user and recognition; these elements are sufficient in themselves to constitute the street a public highway: State Road, 236 Pa. 141, 144-5; Hawkes v. Phila., 264 Pa. 346, 354. As is well said by the court below: "For the purpose of preserving and maintaining the avenue as a public highway, the authority of the borough is paramount and exclusive, [and] whether title to the soil [in the bed of the street] be held by the owner of the abutting lot or remains in the original owner" in no sense controls this case.

The judgment is affirmed.