Tursi et ux., Appellants, *v.* Parry.

Argued November 22, 1938.

Before KELLER, P. J., CUNNINGHAM, BALD-

RIGE, STADTFELD, PARKER and RHODES, JJ. Judgment reversed.

*George H. Detweiler,* with him *James A. Somers,* for appellants.

*Samuel S. Gray, Jr.,* with him *Arthur M. Eastburn,* for appellee.

OPINION BY PARKER, J., April 12, 1939:

This proceeding was begun by a bill in equity praying that the rights of the plaintiffs with respect to the use of a driveway, or alley, located between lands of plaintiffs and defendant be determined and that an injunction issue directing the removal of an obstruction placed in the alley by defendant. An answer and a replication were filed. The defendant denied that the plaintiffs had any legal rights in and to the alley and prayed that a decree be entered against plaintiffs restraining them from using any part of the alley in which the plaintiffs did not have ownership in fee subject to an easement in favor of the defendant. The chancellor entered a decree nisi and the court in banc entered a final decree refusing the plaintiffs any relief and restraining them from using any part of the land owned by defendant and used by him for the purpose of a driveway.

A determination of the issue raised depends on the construction of certain deeds in the lines of title of the respective parties who rest on their record titles. No

question of prescription, right of way by necessity, or the like is involved. While the applicable legal principles are well settled, the situation disclosed by the various conveyances is unique, as will appear by a recital of the lines of title, particularly the later conveyances.

The parties are the owners of adjoining land on the south side of Maple Avenue in the borough of Langhorne, Bucks County, and the common source of title was Joshua Tomlinson. The right of way in question is located between their properties, plaintiffs' land lying east of defendant's land. The points of conflict in interpretation arise at two distinct points in the lines of title and will be considered separately and in order of time.

In 1891 Joshua Tomlinson conveyed to George Tomlinson, predecessor in title to plaintiffs, a lot fronting forty feet on the south side of Maple Avenue and extending in a southerly direction therefrom about eighty-seven feet. In 1902, Joshua Tomlinson conveyed to William B. Parry a parcel of land immediately west and south of the premises conveyed to George Tomlinson. This parcel had a frontage of 109 feet on the south side of Maple Avenue and extended southerly for a distance of 154 feet and also included the land to the south or rear of the Tomlinson lot.

On June 18, 1903, William B. Parry and George Tomlinson were the owners of adjoining premises by virtue of these two conveyances of land, and on that date Parry conveyed to Tomlinson the land immediately to the rear of the land then owned by the grantee and a strip fronting 6.2 feet on Maple Avenue adjoining George Tomlinson's land on the west and extending southwardly about 154 feet.

The descriptions, terms, and conditions in this deed give rise to the claim of plaintiffs to the use of the alley. The premises were conveyed by a description giving courses, distances, and monuments. The south and west lines were described as follows: "Thence extending

along the line of said Gillingham's land S. 78° 45' W. 46.2 feet to a corner in the line of land belonging to said William B. Parry (from which this is taken) which said corner is in the centre of a driveway, passageway or alley 12.4 feet wide—thence extending along the middle of said driveway, passageway or alley which is in the line of William B. Parry's land aforesaid, N. 16° 22' W. 154.2 feet to a corner in the curb line of said Maple Avenue." The deed contained this stipulation: "SUBJECT NEVERTHELESS to the free and undisturbed right of ingress, egress and regress by the said William B. Parry his heirs and assigns, tenants and undertenants over and on a certain twelve and four tenths feet wide driveway, passageway, or alley extending along the whole westerly line of said herein described Lot of Land, said westerly line of said Lot being the centre line of the said driveway, passageway or alley."

The appellants, the plaintiffs, contend that William B. Parry, by calling for a driveway or an alley as a boundary, impliedly covenanted that the alley would remain open to the use of the grantee, his heirs and assigns, owners of the premises so conveyed, as a passageway and driveway. On the other hand, the appellee takes the position that the reservation in the deed sets forth the rights of the parties with respect to the alley and thereby excludes such inference as the appellants seek to draw, and in short, that the alley is reserved exclusively for the benefit of the grantor, his heirs and assigns. Up to this point no circumstances or other extraneous evidence were furnished that would aid in the interpretation of the deed. Having no such aid, we are therefore limited to the deed itself for light. We will first give our attention to some well settled legal principles.

It is a general rule of that branch of the law which deals with easements acquired by implication that where a conveyance of land calls for a way or a street

as a boundary and the grantor owns the fee in the way or street represented as the way or street, he is estopped as against the grantee to deny that it is a way or street. An easement therein passes to the grantee by implication of law: 17 Am. Jur., Easements, §46, 19 C. J. p. 932. This principle has been recognized in Pennsylvania in a long line of cases, but is grounded upon an implied grant rather than by way of estoppel. In *Rhoads v. Walter,* 61 Pa. Superior Ct. 43, it was held in an opinion by Judge (now Chief Justice) KEPHART that where land is sold bounded by a *private* alley and the alley is convenient or necessary to the premises sold, unless there is something in the conveyance restricting the use solely to the grantor, the right to use it passes with the conveyance and becomes appurtenant to the property notwithstanding the qualification that the alley is a private one. President Judge RICE in *Andreas v. Steigerwalt,* 29 Pa. Superior Ct. 1, 4, stated the applicable law as follows: " 'It is settled law in this state, that when a public street or highway is called for as a boundary in a deed, the grantee takes title in fee to the middle of the street, if the grantor had title to it, and did not expressly or by clear implication reserve it: *Paul v. Carver,* 24 Pa. 207; *Paul v. Carver,* 26 Pa. 223; *Cox v. Freedley,* 33 Pa. 124; *Trutt v. Spotts,* 87 Pa. 339. Where the street called for a boundary is not a public highway, nor dedicated to public use, the grantee does not take title in fee to the center of it, but by implication acquires an easement or right of way over the lands: *O'Linda v. Lothrop,* 38 Mass. 292; *Robinson v. Myers,* 67 Pa. 9': *Spackman v. Steidel,* 88 Pa. 453. There is in such a case, it has been said, an implied covenant that there is a way, corresponding with the one described in the deed, that so far as the grantor is concerned it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it. 'But that is the law, not upon the theory of a dedication to public use, but upon the implied con-

tract between the parties. As between them, every consideration requires that if the ground conveyed is described as bordering upon a street, the street should be there in compliance with the description.' "

Two features in the deed require our attention, the boundaries in the general description and the stipulation or reservation. It is true that it is not the limit of the alley but the center of the alley that marks the western boundary of the land conveyed. Nevertheless, to paraphrase the words of President Judge RICE, William B. Parry covenanted that "there was a way corresponding with the one described in the deed" and that so far as the grantor was concerned it should be continued for the benefit of the grantee, his heirs and assigns. So the description declared. There is more reason for so holding as the limits of the way were precisely described.

To this the appellee replies that even if that statement be true the later reservation for the benefit of William B. Parry, his heirs and assigns would indicate that the alley was referred to in the boundary only for the purpose of preserving to Parry the right of ingress and egress. But there was nothing to indicate that such use was to be for the exclusive benefit of Parry, his heirs and assigns and in addition both the general description and the reservation accurately described the limits of the alley and placed one-half of it upon the adjoining land of Parry. Now, if no right of ingress and egress was intended to be conveyed to Tomlinson there would be no reason for defining the western limits of the alley as a line 6.2 feet westerly from the line dividing the lands of the grantor and grantee. Parry, being the owner of the land to the west in fee, could use his own land as a driveway or for any other purpose as he saw fit. This description and limitation, however, takes on a very real meaning if it was intended that Tomlinson should also have a right to use the alley as a passageway and driveway.

We are convinced that the legal effect of the conveyance of June 18, 1903, was to create a way 12.4 feet in width for the reciprocal use of the adjoining owners, that Tomlinson, his heirs and assigns, owners of the land conveyed, were entitled to use the alley as a passageway and driveway and that Parry, his heirs and assigns, had a like right. (See Note, 98 A. L. R. 1098.)

A more complicated question arises at the second phase of the controversy. The query then is whether the right of Tomlinson, his heirs and assigns to use the alley was extinguished or surrendered by a subsequent conveyance. This makes necessary a reference to further facts. George Tomlinson died testate in 1919 and by his will the premises in controversy passed to his widow, Bessie Tomlinson. William B. Parry died testate in 1920 and by his will and by deed to which we will later refer his interest in the premises passed to his son, Henry C. Parry, the defendant.

By deed dated May 31, 1922, Bessie Tomlinson conveyed to Henry C. Parry two irregular parcels of land described in the margin,[1] located in the opposite ends of the alley, the one parcel in the form of a triangle and the other substantially in the form of a trapezoid. Plotting the various descriptions shows that both par-

---

[1] "Lot No. 1—BEGINNING at a point in the Curb Line on the southerly side of E. Maple Avenue, forty-one feet westward from the west line of the Town Hall Lot, thence along the line of land from which this is taken, South eleven degrees forty minutes East seventy-two (72) feet to a point in the middle line of a twelve and four tenths feet wide driveway, passageway or alley; thence along the middle line of said passageway, the line of land formerly of William B. Parry, North sixteen degrees twenty-two minutes West seventy-two feet and two tenths of a foot to a point in said Curb line of E. Maple Avenue; thence along said Curb line North seventy-nine degrees thirty-eight minutes East five feet and two tenths of a foot to the place of beginning."

"Lot No. 2—BEGINNING at a point in the line of land of Emma M. Hogeland (formerly land of William W. Gillingham)

cels are located east of the center line of the alley and that the most westerly line of each is the center line of the alley, the triangular parcel to the north is from the northwest corner and the trapezoid from the southwest corner of the Tomlinson land. The base of the triangle is the westerly 5.2 feet of the frontage of the Tomlinson lot and the sides extend southerly about 72 feet. The shorter of the parallel sides of the trapezoid is the westerly 2.8 feet of the southerly line of the Tomlinson lot and its altitude is 51 feet between the parallel sides, while the corresponding parallel side is 7.6 feet in length. It will be noted that the northeast corner of the trapezoid extends beyond the eastern line of the alley 1.4 feet and the triangle thus formed is conveyed to Parry without restrictions. The conveyance was made "UNDER and SUBJECT nevertheless to the right of ingress, egress, and regress hereinbefore mentioned, and particularly set forth in said above recited Indenture, relation being thereunto had at length appears."

We approach a construction of the deed from Bessie Tomlinson to Henry C. Parry with the premise that when the deed was about to be made there was then in existence an alley 12.4 feet in width between the lands of grantor and grantee and that each had the right to use the alley as a driveway and passageway. The triangle and trapezoid were conveyed in fee but the

---

forty-six and two tenths (46.2) feet westward from the line of the Town Hall Lot, thence along the middle line of passageway or alley hereinbefore mentioned (the line of land formerly of William B. Parry) North sixteen degrees thirty-two minutes West fifty-one (51) feet; thence along other land from which this is taken North seventy-nine degrees thirty-eight minutes East seven feet and six tenths of a foot to a stone; thence still along said Tomlinson land South eleven degrees forty minutes East fifty-one (51) feet to a point in the line of Emma M. Hogeland's land; thence along said Emma M. Hogeland land South seventy-eight degrees forty-five minutes West two feet and eight tenths of a foot to the place of beginning."

deed was made "UNDER and SUBJECT to the right of ingress, egress, and regress hereinbefore mentioned, and particularly set forth in said above recited Indenture." It is clear that the indenture referred to was the deed from William B. Parry to George Tomlinson. The immediate matter in dispute is whether the rights "mentioned and particularly set forth" refer to the rights of Henry C. Parry alone or to the rights of Henry C. Parry and Bessie Tomlinson then in existence. If the rights in the minds of Bessie Tomlinson and Henry C. Parry were those of Parry alone there was no occasion to add the "under and subject" clause since a conveyance in fee to Parry without conditions could not possibly subtract anything from Parry's pre-existing rights as to which there was no question. There was a reason why the grantor should reserve her right to use the alley and we must assume that the clause was intended to serve some purpose. But there are other pertinent matters to be considered before reaching a final determination of the prime question.

It is apparent that the right of Bessie Tomlinson, her heirs and assigns, to use the entire western half of the alley and that portion of the eastern half of the alley not covered by the descriptions of the triangle and trapezoid was not under any possible construction extinguished by her deed. To hold that Mrs. Tomlinson's right of way was limited to all the western half of the alley, all of the alley of a width of 12.4 feet between the triangle and the trapezoid, and that portion of the alley east of those slivers of land, would create an anomalous situation which we cannot believe discloses the intention of the parties as expressed in the deed. The alley 12.4 feet in width was in all events to be kept open for the use of Parry and it would seem more reasonable to assume that the parties intended that the rights of the parties should be reciprocal as to the full width of the alley.

If there be any doubt about the true construction of

the deed, we think it is removed by an important item of evidence. On July 27, 1922, Henry C. Parry, as executor of his father's will, conveyed all the real estate of William B. Parry here involved to himself individually and his sister and her husband joined in the deed. That deed contained the following provision: "SUBJECT, nevertheless, to the free and uninterrupted right of ingress, egress, and regress by the said George Tomlinson, his heirs and assigns, tenants and under-tenants over and on a certain twelve and four-tenths feet wide drive-way, passage-way or alley, extending along the whole Easterly line of said herein described lot of land. Said Easterly line of the lot hereby conveyed being the centre-line of said drive-way, passage-way or alley." The will of William B. Parry authorized his executor to make the deed and the only other person interested therein was his sister.

While this deed did not act as an estoppel for the benefit of the plaintiffs who were not parties to the deed, it was competent evidence and entitled to much weight. The defendant was at that very time transferring the rights of the decedent to himself and with the extent of that title in his mind he made a written declaration that he took title subject to the right of ingress, egress and regress by George Tomlinson, his heirs and assigns, over the alley 12.4 feet in width. He recorded this deed and the deed from Bessie Tomlinson at the same time. He not only recognized the right but defined its extent. It was a declaration against interest and an interpretation in writing by a party in interest of the previous deeds and for that purpose was competent evidence. The situation is comparable to those cases where it is held that the declarations of a former owner of land adjoining that in dispute made in the presence of his adjoiner at the time of the running of the line between the lands is competent evidence in ejectment between the adjoiner and another as to the location of the line: *Mills v. Buchanan,*

14 Pa. 59, 61; *Caufman v. Cong. of Cedar Spring,* 6 Binn. 59.

We therefore hold that the deed from Bessie Tomlinson to defendant did not extinguish the rights of Bessie Tomlinson, her heirs and assigns, owners of the premises granted by William B. Parry to George Tomlinson by deed dated June 18, 1903, to use the full 12.4 feet of the alley. The plaintiffs succeeded to the rights of Bessie Tomlinson by deed dated May 31, 1931 and they are entitled to a decree determining their right to use the entire alley as a driveway and passageway from lands conveyed by deed dated June 18, 1903 and for the removal of the obstruction placed on the alley by defendant. It should be noted that the portion of the trapezoid lying east of the eastern line of the alley, being an elongated triangle with a base of 1.4 feet and side of approximately 15 feet was conveyed to Henry C. Parry in fee and forms no part of the alley and that the plaintiffs have now no right of way over or right to use such land.

The judgment is reversed and the record is remitted to the court below for the purpose of entering a decree in harmony with this opinion, the appellee to pay the costs.