Fidelity-Philadelphia Trust Company, Trustee, *v.* Forster, Appellant.

Argued November 27, 1942. Before Schaffer, C. J.; Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*Joseph H. Lieberman,* for appellant.

*Howard H. Rapp,* with him *John N. Schaeffer, Jr.* and *Morgan, Lewis & Bockius,* for appellee.

Opinion by Mr. Justice Patterson, January 4, 1943:

This appeal involves a dispute between opposite abutting property owners over the use of a portion of an unopened city street.

In 1907 one William R. Haggart became owner of a tract of land lying south of Gates Street, in Roxborough, Philadelphia. Crossing this tract and intersecting Gates Street at right angles was Shalkop Street, which since 1885 has been designated on the city plan as a street fifty

feet wide but has never been legally opened by the city. Haggart prepared a plan by which he divided the tract into fifty-eight numbered lots with streets identical as to location and width with those shown upon the city plan. On January 9, 1925, he conveyed one of such lots to Fidelity Trust Company (now Fidelity-Philadelphia Trust Company), trustee under the will of Mary E. McCoy, deceased, describing it as follows: ". . . commencing at a corner formed by the intersection of the southeasterly side of Gates Street (as laid out on the City plan Sixty feet wide) with the northeasterly side of Shalkop Street (as laid out on the City plan Fifty feet wide) . . ." The trust company thereupon erected a two story dwelling and garage on the lot so conveyed, both of which buildings face on Shalkop Street and have been occupied continuously since September 19, 1925, by Robert M. McCoy, as tenant and cestui que trust.

On May 31, 1928, Haggart conveyed to Elizabeth M. Forster and Albert Forster, her husband, the lot situate at the southwest corner of Gates and Shalkop Streets, together with the land lying in the bed of Shalkop Street insofar as the lot abutted thereon, including the right to any damages by reason of the opening of the street, but expressly reserving a "ten foot wide strip along the northeasternmost side of the said Shalkop Street", for the benefit of the other abutting lots, "as and for a passageway for ingress and egress until such time when the said Shalkop Street shall be legally opened." The Forsters also erected on their lot a residence and garage facing on Shalkop Street, and on the death of her husband, in 1929, Mrs. Forster became sole owner of the property, as surviving tenant by the entirety. Thereafter, in 1935, Mrs. Forster placed a barrier of stones in the bed of Shalkop Street and has since asserted absolute ownership of the entire bed of the street lying between her lot and that of the trust company, except for the ten foot strip along the northeasternmost side on which the property of the latter directly abuts.

Fidelity-Philadelphia Trust Company instituted this suit in equity, on July 28, 1941, to compel Mrs. Forster to remove the stone barrier placed by her in the bed of Shalkop Street and for an injunction restraining her from interfering with its use of any portion of the street abutting its lot for the full width of fifty feet. An answer was filed by Mrs. Forster denying the existence of any legal right of the trust company, or any person claiming through it, to the use of any part of the bed of the street lying between the two properties, other than the ten foot strip expressly reserved in her deed for the benefit of other owners, and asking that the bill be dismissed. After hearing on the bill and answer, the trial judge entered a decree nisi granting the relief requested. Exceptions filed by Mrs. Forster were dismissed by the court en banc, after argument, and the final decree was entered from which this appeal was taken.

The decree will be affirmed. It must be regarded as settled by our decisions on the subject that where land is conveyed as bounded by a street which is plotted on the city plan but not opened, the grantee not only takes the fee in the land bounded by the street, but by implication also acquires an easement over the bed of the unopened street, unless the circumstances attending the conveyance and the description of the grant clearly negative such implication. See *Neely v. Philadelphia*, 212 Pa. 551, 557; *Hawkes v. Philadelphia*, 264 Pa. 346, 350; *Philadelphia Storage Battery Co. v. Philadelphia*, 323 Pa. 17, 19. This is the law, not upon the theory of a dedication to public use, but upon an implied covenant, binding on the grantor and his assigns, that there is a way corresponding in its essential requirements to the street named in the deed. See *In Re Opening of Brooklyn Street*, 118 Pa. 640, 646; *Hawkes v. Philadelphia*, supra, 351; *Andreas v. Steigerwalt*, 29 Pa. Superior Ct. 1, 4; *Tursi v. Parry*, 135 Pa. Superior Ct. 285, 289. Here there is no evidence of attending circumstances or any

provision in the grant to negative the implication of the easement, with the result that the deed not only carried to appellee the fee in the lot described as bounded by Shalkop Street but included a covenant that there was an abutting way which, in the words of the rule, "correspond to the one described in the deed." There is more reason for so holding than in the usual case, for, in addition to referring to Shalkop Street as a boundary, the deed in the present case precisely describes its limits. In this respect the case is similar to *Tursi v. Parry,* supra, where Justice PARKER (then a member of the Superior Court) stated as follows (p. 290) : "Now, if no right of ingress and egress was intended to be conveyed to Tomlinson there would be no reason for defining the western limits of the alley as a line 6.2 feet westerly from the line dividing the lands of the grantor and grantee. Parry, being the owner of the land to the west in fee, could use his own land as a driveway or for any other purpose as he saw fit. This description and limitation, however, takes on a very real meaning if it was intended that Tomlinson should also have a right to use the alley as a passageway and driveway." The legal effect of the deed before us was undoubtedly to create for the benefit of the grantee an implied easement in the bed of Shalkop Street lying between its lot and that of appellant, extending for the full width of the street, which easement right it was beyond the power of the original grantor or his subsequent grantee, the appellant, to impair.

The cases relied upon by appellant for her position that appellee's easement is limited to one of necessity and does not extend over the entire bed of Shalkop Street—*Tesson v. Porter Co.,* 238 Pa. 504, *Henderson v. Young,* 260 Pa. 334, and *Gailey v. Wilkinsburg Real Estate Trust Co.,* 283 Pa. 381—are not in point. All of these cases are concerned with the power of the municipality to remove from the city plan or vacate the plotted but unopened street and the rights of the parties as

affected thereby, whereas the present case involves the rights of the grantee in and to the bed of the street prior to such municipal action. Since the street was merely a plotted one, and not one of the grantor's own creation, it is, of course, subject to the control of the city, and in the event of relinquishment or abandonment of its right to open by proper municipal action, the easement might be reduced to one of necessity, under the decisions cited, and might even be lost if other suitable means of access exist. But no such situation is presented here, for the right to open has not been abandoned, and in these circumstances it is clear that appellee, under the terms of the deed, has an implied easement in the portion of Shalkop Street abutting its property, the existence of which is in no way affected by the fact that the property also borders on another street, and that such easement is not limited to one of necessity but extends over the entire bed of the street: *In re Opening of Brooklyn Street*, supra; *Whitaker v. Phoenixville Borough*, 141 Pa. 327; *Philadelphia Storage Battery Co.*, supra.

Decree affirmed. Costs to be paid by appellant.