Jones *v.* Sedwick, Appellant.

Argued September 26, 1955. Before STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*William W. Knox,* with him *Adam A. Gorski,* for appellants.

*Will J. Schaaf,* with him *James E. Marsh,* and *Marsh, Spaeder, Baur & Spaeder,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 14, 1955:

The appeal is from a decree in equity enjoining the obstruction of a fifty foot roadway and ordering the removal of an encroaching structure.

Bruce R. Lyle and wife, in 1947, owners of land in Washington Township, Erie County, decided to subdivide it into lots; for this purpose, they engaged a surveyor who went on the premises and laid out the lots as directed by the owners; the surveyor placed iron pipes in the ground marking the location of each lot and a fifty foot drive or street which was designated "Lyle Drive"; he made a plan or blueprint of the land so subdivided; the owners then secured from the surveyor a description of lot No. 3, as shown on the plan, for the purpose of having the lot conveyed to Nelson Jones and wife (plaintiffs). The description in the deed reads: "All that certain piece or parcel of land . . . bounded and described as follows, to-wit: Beginning at the Southeast corner of the piece at an iron pipe in the Westerly line of Lyle Drive, distant thereon, North 00°—37′ East, 145 feet from its intersection with the center-line of U. S. Route No. 6N and South line of Tract 447; thence West along Lot No. 2, parallel with U. S. Route No. 6N, one hundred twenty (120) feet to an iron pipe in the easterly line of land heretofore conveyed by Bruce R. Lyle to Hazel M. Bull; thence along said land, North 00°—37′ East, parallel with and 300 feet distant from Easterly line of the whole piece, sixty (60) feet to an iron pipe; thence east along Lot No. 4, one hundred twenty (120) feet to an iron pipe in the Westerly line of Lyle Drive; thence South 00°—37′ West along the westerly line of Lyle Drive, sixty (60) feet to the place of beginning and having a one-story frame dwelling erected thereupon." In this description "Lyle Drive" is twice men-

tioned as a boundary, and while lot No. 3 is not named as such, lots Nos. 2 and 4 are stated to be boundaries. Iron pipes are named as monuments in conjunction with given courses and distances. When the surveyor plotted and laid out the lots and drive, and placed the iron pipes as monuments, plaintiff Jones and owner Lyle were present; they observed the marking of the fifty foot street. Lyle took the surveyor's description of lot No. 3, about to be conveyed to plaintiffs, to a lawyer for the purpose of having a deed drawn. The description contained the notation "Description of Lot No. 3 as shown on Plot for Bruce R. Lyle . . ." The plan or blueprint of the subdivision has never been recorded. On October 12, 1948, the residue of the land was conveyed by the Lyles to Clarence C. Horst and wife, excepting and reserving therefrom the premises conveyed to plaintiffs. This deed recited the date of the plaintiffs' deed and also the book and page wherein the plaintiffs' deed is recorded. On January 15, 1951, the Horsts conveyed their property to Chester Sedwick and wife, the defendants. The deed between the Horsts and Sedwicks contained the identical reservation and exception which appeared in the Horsts' deed. Defendants have erected an addition or extension to a building on their land, which addition extended twenty-eight feet into Lyle Drive.

The deeds of both plaintiffs and defendants put the defendants on notice of the existence of the drive and plaintiffs' rights therein. Defendants, however, proceeded with the construction of the extension, ignoring the record notices and repeated written and verbal protests by plaintiffs against such erection. Defendants' chief contention is that since the plan of subdivision has not been recorded they are not bound by it. They further maintain that plaintiffs' use of the drive is limited to one of necessity, confined to its reasonable use as a

means of ingress and egress. Defendants arbitrarily fix the width of such use at eighteen or twenty feet, instead of fifty feet as shown on the plan and which was marked by iron pipes on the ground when plaintiffs purchased their lot.

The contention of defendants that they are not bound by the plan since it was not recorded is without merit. In *McKee v. Perchment,* 69 Pa. 342, Justice SHARSWOOD said (p. 350) : "Though [the] plan was not recorded, the reference to it in this deed was notice to the defendant of its existence and of the alley laid down on it." In *Detwiler v. Coldren,* 101 Pa. Superior Ct. 189, a conveyance referred to a prior deed of a portion of the land which had not been recorded. It was held that mention of the prior deed was sufficient notice to put plaintiff on inquiry as to his title, and the unrecorded deed was not void as to him. In *Baltimore & Ohio R.R. v. Wilson Snyder Mfg. Co.,* 279 Pa. 219, 123 A. 858, this Court said (p. 225) : "All of the deeds mention the plan, and convey by lot numbers. This necessitated an inquiry as to the property meant, and compelled the purchaser to investigate the plan, or be bound by what it would have disclosed on examination, though it was not a matter of record. . . ."

The exception and reservation in defendants' recorded deed and that of their immediate title predecessor, was sufficient notice to require defendants to investigate what interests or rights the plaintiffs possessed in the street in question: *Pyles v. Brown,* 189 Pa. 164, 42 A. 11; *Finley v. Glenn,* 303 Pa. 131, 154 A. 299.

That plaintiffs acquired an easement of fifty feet in width for the entire length of Lyle Drive, as shown on the plan, is amply supported by our cases. In a conveyance of land where a street or roadway is a named boundary, the grantee acquires an easement to

the use of such street or roadway if the grantor owns the fee: *Transue v. Sell,* 105 Pa. 604; *Quicksall v. Philadelphia,* 177 Pa. 301, 35 A. 609; *Osterheldt v. Philadelphia,* 195 Pa. 355, 45 A. 923; *Maier v. Walborn & High,* 84 Pa. Superior Ct. 522. See also: *Fidelity-Philadelphia Trust Company, Trustee, v. Forster,* 346 Pa. 59, 29 A. 2d 496; *Hogan v. Burneson,* 44 Pa. Superior Ct. 409; *Tursi v. Parry,* 135 Pa. Superior Ct. 285, 5 A. 2d 399.

The learned court below, in a carefully considered adjudication, with findings of fact amply supported by the evidence, approved by the court in banc, entered the correct and appropriate decree.

Decree affirmed at the cost of appellants.