## Beechwood et ux., Appellants, *v.* Reed et ux., Appellants.

Argued November 20, 1969. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

reargument refused May 8, 1970.

*David F. Maxwell,* with him *William L. McLaughlin,* and *Obermayer, Rebmann, Maxwell & Hippel,* for plaintiffs.

*Fred T. Cadmus, III,* for defendants.

OPINION BY MR. JUSTICE COHEN, March 20, 1970:

These appeals are taken from a decree in an action in equity in the Court of Common Pleas of Chester County. In this action George Beechwood and his wife, plaintiffs, seek injunctive relief to permit their use of a right-of-way across the property of Vincent Reed and his wife, defendants, over a former public road, Green Lane Road, for access to four tracts of land owned by the Beechwoods.

In 1934 George Beechwood purchased two tracts of land (labelled Tract #1 and Tract #2 on the map) in West Pikeland Township of Chester County. Thereafter he conveyed these tracts to himself and his wife as tenants by the entireties. In 1936 Vincent Reed and his wife purchased Tract #5. In 1938 the Reeds leased Tracts #3, 4 and 6 from a mining company and from that time tried to acquire title to the rented premises. In 1945 the Reeds received an opportunity

to purchase the property but were unable to finance the purchase of the entire 76 acres. Since Tract #3 was situated between and connected the two Beechwood tracts, Reed approached Beechwood and on October 1, 1945 arranged with him that the Beechwoods purchase from the Reeds out of the 76 acres Tracts #3 and 4. The Reeds purchased the 76 acres and by deed dated February 1, 1946 conveyed the 17 and 9 acre tracts to Beechwoods.

This dispute has arisen because of plaintiffs' desire to use Green Lane Road as a means of access to Art School Road. In support of their claim, plaintiffs have presented three theories: (1) that there has been the establishment of a public easement by prescription; (2) that there has been the creation of an easement by implication on severance benefiting Tracts #3 and 4; and (3) that there has been the creation of an easement by implication because the deeds conveying Tracts #3 and 4 describe the tracts as extending along that road.

The trial judge found that the evidence supported plaintiffs' third theory and issued a decree stating that they had an easement over Green Lane Road from their property line to Art School Road for use as a right-of-way. The court en banc agreed as to the legal theory but found that this was an easement appurtenant to the land conveyed by the deed and that the decree should be modified to limit the easement to uses appurtenant to Tracts #3 and 4. Defendants have appealed from the finding that any easement ever arose, and plaintiffs have appealed from the decree of the court en banc modifying and limiting the decree of the trial judge.

The trial judge found as fact that in the deed from defendants to plaintiffs "each of said tracts is described as extending to a stake in the middle of a public road and then along the same, the reference thereto being to what is now commonly known and referred to herein as 'Green Lane Road.' " It is the law of this Commonwealth that if an open, public street is called for as a boundary the grantee takes title in fee to the middle of the street if the grantor has title to it. Where the street called for as a boundary is not a public highway nor dedicated to public use, the grantee does not take title to the middle of it but acquires an easement by implication over it. *Jones v. Sedwick*, 383 Pa. 120, 117 A. 2d 709 (1955); *Philadelphia Storage Battery*

*Company v. Philadelphia,* 323 Pa. 17, 186 Atl. 103 (1936); *Hawkes v. Philadelphia,* 264 Pa. 346, 107 Atl. 747 (1919); *Taylor v. Gross,* 195 Pa. Superior Ct. 225, 171 A. 2d 613 (1961); *Vinso v. Mingo,* 162 Pa. Superior Ct. 285, 57 A. 2d 583 (1948); *Tursi v. Parry,* 135 Pa. Superior Ct. 285, 5 A. 2d 399 (1938); 25 Am. Jur. 2d, Easements and Licenses §25; Goldberg, Sales of Real Estate in Pennsylvania at 114-115 (1958); Anno., 46 A.L.R. 2d 461, §2.

Although Green Lane Road had once been a public road, it was the subject of vacation proceedings in 1932. It therefore reverted to the status of a private road which could be the subject of an implied easement. *Chambersburg Shoe Manufacturing Company v. Cumberland Valley Railroad Company,* 240 Pa. 519, 87 Atl. 968 (1913). (The question of the creation of a public easement by prescription will be discussed below). As nothing in the record rebuts the presumption that when such a description appears in a deed such an easement is to be implied, both of the courts below were correct in holding that some easement does exist. The problem is its extent.

Plaintiffs argue that when such an easement is created, it exists for the benefit of all the grantee's land not only that conveyed by the deed in question. Since, however, the easement arises because of the presumed intention of the parties when they buy and sell a specific piece of property, it is only reasonable to presume that, absent circumstances to the contrary, the grantor intended to benefit only the land subject to the sale. Our case law supports the proposition that this easement is appurtenant to the land sold. *Chambersburg Shoe Manufacturing Company,* supra at 525; *Tursi v. Parry,* supra at 289. In *Hawkes v. Philadelphia,* supra at 351, this Court stated "the implied contract or easement of a way from the lot . . . is . . . limited to such way as may be reasonably necessary to the enjoy-

ment of the lot or lots sold. . . ." Finally, in *Walker v. Walker,* 153 Pa. Superior Ct. 20, 27, 33 A. 2d 455 (1943), the Superior Court stated, " 'The right to the use of an alley or driveway is appurtenant to the abutting lot to which the easement is granted and is not personal to the owner of the lot. It may not be used by him for the benefit of other lots, etc., owned by him, [citations omitted].' " See, also, *Murphy v. Mart Realty of Brockton, Inc.,* 348 Mass. 675, 205 N.E. 2d 222 (1965); Anno., 46 A.L.R. 2d 461, 490, §13. As the record is barren of evidence showing an intention by the defendants to benefit Tracts #1 and 2, we hold that the court en banc properly limited the scope of the easement.

As to the creation of a public easement by prescription, the trial judge stated "[i]n the opinion of this Court the testimony in support of the plaintiffs' alleged easement by prescription falls short even without consideration of the question of cessation of use caused by the defendants Reed without the aid of legal proceedings." Plaintiffs excepted to this, and the court en banc affirmed the trial judge. The record adequately supports this finding.

It is not necessary to consider the question of the creation of an easement by implication on severance because even if it were decided in favor of plaintiffs they would receive no greater rights than they now have.

Decree affirmed. Each party to pay own costs.