John A. Cotter and Daniel G. O'Keefe v. The City of Philadelphia, Appellant.

*Road law—Opening streets—Limitation act—Act of May 9, 1889—Dedication.*

Where lots have been sold according to a recorded plan, the owner is entitled, under the Act of May 9, 1889, P. L. 173, to recover damages for the opening of an abutting street after the expiration of twenty-one years from the recording of the plan, and this right is not defeated by the fact that, in a conveyance prior to the expiration of twenty-one years, reference was made to the recorded plan and to the streets thereon, as such reference does not give rise to an implication of a new dedication of the land for streets.

A dedication to the public use must rest on the intention or clear assent of the owner, and must be under such circumstances as to indicate an abandonment to the use of the community.

Argued Jan. 4, 1900. Appeal, No. 110, Jan. T., 1899, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1892, No. 1096, on verdict for plaintiffs. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Appeal from report of jury assessing damages for the opening of Ruan street, in the twenty-third ward.

In 1848, the land in question was a portion of the tract which was then laid out in lots and sold according to a plan made and recorded by the owner. In 1880, one of the plaintiffs' predecessors in title took a sheriff's deed for the land, which deed referred to the plan of 1848 and to the streets as boundaries. At the trial the defendant contended that the recital in the sheriff's deed gave rise to an implication of a new dedication of the land against which the limitation fixed by the act of May 9, 1889, had not run. The court refused to give binding instructions for defendant.

Verdict and judgment for plaintiffs for $2,900. Defendant appealed.

*Error assigned* was in not giving binding instructions for defendant.

*E. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant, cited Quicksall & Lee v. Philadelphia, 177 Pa. 301, and Davis v. Clark, 106 Pa. 377.

*Samuel Wakeling*, for appellees.

OPINION BY MR. JUSTICE FELL, February 5, 1900:

The plaintiffs' land through which the city opened streets in 1893 is part of a tract which was sold in 1848, in building lots, according to a plan made and recorded by the owner thereof. In the conveyances the lots were described as bounded by the streets now opened which were "laid down on a plan for the accommodation of these and other lots." In Quicksall v. Philadelphia, 177 Pa. 301, it was held that the sale and conveyance of the lots on this plan in 1848 operated as a dedication of the streets to public use, but that the owners of lots abutting on the streets could recover damages for the opening in 1893, because the limitation of twenty-one years, fixed by the Act of May 9, 1889, P. L. 173, within which the city could open streets without compensation, had expired.

At the trial of this case the city sought to evade the limitation of the act of 1889 by proof that a conveyance of the lots was made in 1880, in which they were described as lots marked on the plan referred to, made and recorded in 1848. This it was claimed was a new dedication, against which the limitation had not run. This claim cannot be sustained. The conveyance in 1880 was by a purchaser at sheriff's sale under a judgment against the grantee of the grantee of the person who, in 1848, had made the plan and sold according to it. The reference to the plan for convenience of description, and to the streets as boundaries, does not give rise to an implication of a new dedication of the land for streets. A dedication to the public use must rest on the intention or clear assent of the owner, and must be under such circumstances as to indicate an abandonment to the use of the community: Dovaston v. Payne, 2 Smith's Leading Cases, 154. The owner in 1880 had nothing to rededicate. The dedication in 1848 was binding on him, and continued so until the limitation of the act of 1889 relieved the land of the servitude imposed upon it.

The judgment is affirmed.