## Vinso et al. *v.* Mingo et ux., Appellants.

Argued October 8, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*William J. Grove,* with him *William J. Moran, Jr.,* and *Hillegass & Moran,* for appellants.

*Robert Trucksess,* for appellees.

OPINION BY ARNOLD, J., March 8, 1948:

Defendants appeal from a decree in equity, inter alia, restraining defendants from interfering with the plaintiffs' use of an easement over land in front of defendants' premises.

Plaintiffs and defendants owned adjoining lots upon which each had a residence and outbuildings. The southern end of these lots fronted on what would be an extension of Jefferson Street, which was open only to the eastern line of defendants' property.

One Vincent Chanko became the owner of both lots under a deed from Andrew Kachmarski, in which the land was described as "Beginning at a point in Jefferson Street, laid out 50 feet wide, said point being a corner of this and other land . . . and being Twenty nine and forty seven one hundredths feet South Easterly from the Northwesterly side of Jefferson Street . . ." That is to say, the point of beginning was 29.47 feet south of the northern line of Jefferson Street, if the same were extended and opened. The last call in this deed was "to a point in Jefferson Street aforesaid; said point being twenty nine and forty seven one hundredths feet Southeasterly from the Northwesterly side of Jefferson Street (laid out 50 feet wide) [and] thence from the said Jefferson Street South . . . eighty two and five tenths feet to the first mentioned . . . place of beginning."

In October, 1930, a survey was made by Hiltner & Hitchcock, engineers, entitled, "Plan Showing Property of Andrew Kasmarski," which was offered in evidence. This showed Jefferson Street 50 feet wide and was marked, "not opened at this end," that is, the end of Jefferson Street adjacent to the Kachmarski premises. Chanko built two houses, both facing Jefferson Street,

and these, were given numbers, and sidewalks and curbs were laid along Jefferson Street.

On October 23, 1930 (within 23 days of the Hiltner & Hitchcock survey or plan) Chanko sold the eastern portion of the premises to defendants, and insofar as references to Jefferson Street are concerned, the language of the deed is identical with the former deeds. In 1931 Chanko sold the western portion of the premises to Michael Vinso and wife, two of the plaintiffs, and again identical references concerning Jefferson Street appeared in the deed. The deed from Chanko to the plaintiffs made reference to a "survey of Hiltner & Hitchcock, E.E., made in October, 1930." [1]

The extension of Jefferson Street upon which the two properties, fronted was used uninterruptedly from 1931 to 1945 by the owner or tenants of the present Vinso property, and also by tradesmen and members of the public. In 1945 the defendants blocked off and asserted ownership of approximately 29½ feet (the northern side) of this extension of Jefferson Street, claiming that that land was conveyed to the defendants, and that the plaintiffs had no easement.

Though this extension of Jefferson Street was never accepted by the municipality, that is of no importance here, since this litigation is between private parties: *George A. Twibill v. The Lombard and South Streets Passenger Railway Company and the Electric Traction Company,* 3 Pa. Superior Ct. 487.

Where a description refers to a street laid out, or to be laid out, ordinarily this operates as an equitable grant of a right of way, and binds purchasers and those holding under them: *Maier v. Walborn,* 84 Pa. Superior Ct. 522; *Holmes et al. v. Longwill et al.,* 89 Pa. Superior Ct. 1; *Ulrich v. William S. Grimes and Alice*

---

[1] The deed from Kachmarski to Chanko made reference to plan made by James E. Cresson, C.E., on September 29, 1928. The instant defendants, Mingos, had the Cresson plan at the trial but refused or neglected to offer it.

*Grimes,* 94 Pa. Superior Ct. 313. References to a plan contained in deeds make the plan a part of the deed or conveyance and constitute a dedication of the streets, alleys and ways shown on that plan, to the use of the purchasers as public ways: *Witman v. Smeltzer,* 16 Pa. Superior Ct. 285; *Carroll v. Asbury,* 28 Pa. Superior Ct. 354; *Snyder et al. v. Commonwealth,* 353 Pa. 504, 46 A. 2d 247. "Where a street called for a boundary in a deed is not a highway nor dedicated to public use, the grantee does not take title in fee to the center of it, but by implication acquires an easement, or right of way over the lands. There is in such a case, an implied covenant that there is a way corresponding with the one described in the deed, that so far as the grantor is concerned it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it.": *Andreas v. Steigerwalt,* 29 Pa. Superior Ct. 1. Not only did the deed to the defendants give notice of the easement, but they had actual notice on the ground of its existence and use. They therefore took the land subject thereto. Nor is it important that the deed of the defendants fixed the place of beginning as approximately in the middle of Jefferson Street (unopened). Whatever the result of this might be, it could not affect the easement which was clearly established from the deed. In this case we have the additional circumstances that the home of the defendants and the home of the plaintiffs faced on this street, and not on the alley at the rear, which was the only other means of access to the properties; that the houses were given numbers as being on that street; that curbing and sidewalks were laid along the street, and that there had been user for some fourteen years without interference. The intention of the parties to create such right of way or easement clearly appeared.

We cannot agree with the appellants' contention that the allegata and probata do not agree.

Decree affirmed at the cost of the appellants.