## Rubin v. Traurig

*Randolph Warden,* for plaintiff.
*Norman Wilson,* for defendants.

TREDINNICK, J. March 11, 1971.—Plaintiff, Louis S. Rubin, is the owner of a tract of land abutting the west side of York Road in Upper Moreland Township. Defendants, Sidney Traurig (Traurig) and Sentinel Glass Company, are the owner and lessee, respectively, of land immediately to the rear of a portion of plaintiff's property.

Plaintiff seeks by this action to establish his title to the bed of Limekiln Road as it runs through his property as valid and indefeasible against any right, lien, claim, interest or easement by, or in, defendants or the public in general.

In 1745, following a report of viewers, the original Limekiln Road was created by action of the Court of Quarter Sessions of Philadelphia County, then encompassing Montgomery County. That road began on the west side of York Road and proceeded southwesterly over the route of the present-day Fitzwatertown Road. This road is shown on a plan dated 1836 as State Road 46092. In 1891, a railroad line was constructed, commonly referred to as the "Trenton Cut-off," which caused Limekiln Road to the north of the railroad line to be severed from that portion to the south thereof. To correct this situation, State route 46093 was rerouted so that it connected with York Road on the north side

of the railroad, and similarly Limekiln Road was rerouted into York Road on the southerly side of the railroad.

The vestigial remnant of Limekiln Road to the north of the railroad is the subject matter of this action. It begins at York Road and proceeds southwesterly across plaintiff's land for a distance of 263 feet and then forms a boundary between land of one Watkins and defendants' land for a distance of 261 feet until it intersects with Sunset Lane, the rerouted State route 46093 referred to heretofore.

Plaintiff's land is served on the east by York Road and on the south by Sunset Lane; and defendants' land is served on the south by Sunset Lane. Watkins owns a small triangular piece of land which is bounded on the south by Sunset Lane, on the east by plaintiff's land, and on the northwest by defendants' land, the bed of old Limekiln Road.

While there have been no formal vacation proceedings relating to this remnant of old Limekiln Road, it is clear that it was abandoned by the State in 1891 when the Trenton cut-off was constructed. "When a portion of a State Highway is thus relocated, the new location [becomes] the State highway and what had theretofore been the bed of the traveled way, would be left to lapse into conditions created by general road laws or such as controlled in the local affairs in that particular territory": Erie R. R. Co. v. The Public Service Commission, 77 Pa. Superior Ct. 196, 205 (1921).

The Board of Commissioners of Upper Moreland Township, after public hearing, by a resolution adopted June 7, 1966, declared,

"AND WHEREAS, Limekiln Road has never been dedicated to the Township as and for a public road or street and the Township has never acquired the same

by any act on its part which would constitute the said Limekiln Road as a public road or street, and therefore has no right or interest in said road;

"NOW, THEREFORE, BE IT RESOLVED That the Commissioners of Upper Moreland Township take no action relative to the abandonment of Limekiln Road and that the said Limekiln Road be removed from the official map of Township Roads and Streets."

The public will lose its right to a highway where it has abandoned it and accepted another in its stead for such a length of time, and under such circumstances as to give it a title to the substituted road: 39 C.J.S. Highways, 134.

Defendants have produced no evidence of public user of this remnant of old Limekiln Road since the construction of the Trenton cut-off in 1891, and the simultaneous abandonment thereof by the State. In light of the existence of Sunset Lane, the disavowal of any interest in old Limekiln Road by Upper Moreland Township, and the relocation of old Limekiln Road, we conclude that there are no generic public rights extant in the roadbed here in question.

We now turn to the question of whether Traurig has established a private right of easement by adverse user over the bed of Limekiln Road as it traverses plaintiff's land. The burden of proof regarding the establishment of an easement by adverse user is on defendant, the party claiming said interest: Pittsburgh & Lake Erie R. R. Co. v. Stowe Township, 374 Pa. 54 (1953). On this point, it is sufficient to say that the occasional uses testified to at trial by no means establish an adverse, open, continuous, uninterrupted and exclusive use by Traurig or his predecessors in title for 21 years: Moser v. Granquist, 362 Pa. 302 (1949).

The final and controlling question to which this court must address itself is whether, by reason of the

mention of Limekiln Road in Traurig's deed, either the public or Traurig has acquired any rights in Limekiln Road as it traverses plaintiff's land.

Traurig's deed utilizes the bed of Limekiln Road in the description of the property conveyed.

"It is the law of this Commonwealth that where there is a deed from a grantor which uses as a boundary monument a private road owned by the grantor, there is a dedication to the public and the purchaser of the abutting tract obtains by implied covenant an easement that he may use the street and that all persons may use it. Vinso et al. v. Mingo et ux., 162 Pa. Super. 285 (1948)": Bieber v. Zellner, 421 Pa. 444 (1966).

We need not be concerned about the implied dedication to the public inasmuch as we conceive that the township has rejected the dedication: Bieber v. Zellner, supra. However, it would appear under the principle of the Bieber case that Traurig did obtain with the conveyance to him an implied easement. The question is whether his easement involved the entirety of old Limekiln Road or only that portion of Limekiln Road forming the boundary between his land and that of Watkins, leading to Sunset Lane.

The case of Hawkes v. Philadelphia, 264 Pa. 346 (1919), is apropos. The controversy there arose over the value of a piece of land forming the northern half of the bed of Arch Street between Sixtieth and Salford Streets. The court held that when a municipality abandons its right to open a street, the implied contract or easement of a way from the lot as between grantor and grantee is not destroyed, but it is limited to such way as may be reasonably necessary to the enjoyment by the grantee of his land.

The court further observed that the grantee has no rights different from those of the public in streets upon

which his lot did not abut, and that his implied easement did not extend to streets not necessary to the enjoyment of his grant, although they might be convenient to its use: Hawkes v. Philadelphia, supra, at 352.

In the case at bar, that portion of Limekiln Road which traverses plaintiff's land is not necessary to the enjoyment of Traurig's land, although it may be convenient to its use. Traurig's land borders on Sunset Lane, a two-lane macadamized public road, and the testimony at trial negatived any necessity to use, or actual substantial use of Limekiln Road as it traverses plaintiff's land.

There is little question but that, had plaintiff's predecessors in title subdivided the land into lots and laid out streets upon a plan, defendant would have an easement by implication over the whole of Limekiln Road: Jones v. Sedwick, 383 Pa. 120 (1955); Fidelity-Phila. Trust Co. v. Forster, 346 Pa. 59 (1943); Osterheldt v. Philadelphia, 195 Pa. 355 (1900); Quicksall et al. v. Philadelphia, 177 Pa. 301 (1896); Transue v. Sell, 105 Pa. 604 (1884). However, they did not so subdivide the land, and therefore Traurig has, at most, an easement by implication over that portion of Limekiln Road forming the boundary of his land and Watkins' land.

While this court has been unable to find any Pennsylvania cases directly on point, it appears that New Jersey has encountered a situation closely analogous to the case at bar. It was held in Stevens v. Headley, 69 N.J. Eq. 533, 62 A.887 (1905), that a conveyance of lots bounded by a private road gave the grantee a right to use such road only to the extent that it was necessary to the beneficial enjoyment of the lots conveyed, and not for the full extent of the road as originally laid out or projected. Therefore,

where the road to the north ran to a public street and to the south ended in a cul-de-sac, which was also on part of the land of the original grantor, a simultaneous grant of land extending over the southern part of the road, and including other land of the grantor, gave the grantee of the latter deed the right to close the road at that end without interference with the rights of the original grantee to the north: 46 A.L.R. 2d 488.

It may therefore be concluded that defendants do not enjoy an easement by implication over that portion of Limekiln Road which traverses plaintiff's land. Accordingly, for all of the foregoing reasons, the court enters the following

### ORDER

And now, March 11, 1971, the court enters its verdict in favor of plaintiff, and declares that plaintiff has a valid and indefeasible title to the bed of Limekiln Road traversing his property, against any right, lien, claim, interest or easement by defendants and as against all persons generally.