## Conrad v. Borough of Stroudsburg

*Ronald J. Mishkin,* for plaintiff.
*Phillip H. Williams,* for defendant.

THOMSON, *P.J.*, September 9, 1982 — Phoebe Conrad (plaintiff) has made a motion to remove or set aside directed verdict and grant new trial. This motion has been made in response to a directed verdict granted by this court in favor of the Borough of Stroudsburg (defendant).

The facts of this matter are generally undisputed. On March 8, 1979, plaintiff was walking on a sidewalk maintained by defendant. This sidewalk was in good repair and presented no danger to the public at large or plaintiff in particular. Plaintiff left this sidewalk system when she started to proceed on the easterly side of South Eighth Street. Spanning the distance between the borough maintained sidewalk and a privately maintained sidewalk was a sidewalk over a private alleyway. The alleyway sidewalk was set a couple of inches below the sidewalks and was in a state of disrepair. When plaintiff stepped off the borough maintained sidewalk onto the alleyway

sidewalk, she tripped and fell causing injury to her hip. She then filed an action in trespass against defendant on October 5, 1980. A jury trial was conducted on October 20 and 21 of 1981 before the court. A directed verdict was granted to defendant upon the close of all the evidence.

Plaintiff, in seeking to create liability on the part of defendant, proceeded under the theory that long and continuous use by the public of such a walkway gave a secondary responsibility to the borough to see that the alleyway was properly maintained. The case most prominently cited by plaintiff as authority for this proposition is Koerth v. Turtle Creek Borough, 335 Pa. 121, 49A.2d 398 (1946). In Koerth, plaintiff also was injured when she stepped from a paved sidewalk onto an unimproved vacant lot. While the Koerth court held for defendant borough, plaintiff feels that the following language is relevant in establishing their case:

"(A) recognition of the sidewalk as a public highway may be indicated in other ways, for example, by the Borough authorities making repairs to it, or by their tacit acquiescence in a general and long continued use of it by the public even though for less than the period required to establish a prescriptive right." Koerth, 355 Pa. at 125.

Unfortunately for plaintiff, it is incumbent upon her to show both an acceptance and an offer of a dedication to hold the defendant liable. Cotter v. City of Philadelphia, 194 Pa. 496, 45 Atl. 336 (1900). Plaintiff has ignored the fact that the alleyway is jointly used by the public and the owner. The general rule carved out of the few cases decided in this area is that where the use if joint by the public and the owner, there must be an express offer to dedicate on the part of the owner. Weiss v. Borough of South Bethlehem, 136 Pa. 294, 20 Atl. 801

(1890), Appeal of Criffin, 42 L. I. 437, 2 Com. PL. Rep. 89 109 Pa. 150 (1885) 'and Romberger v. Comm., 76 Dauphin 104, 23 D.&C. 2d 368 (1961). We have found no evidence presented that shows an express offer to dedicate on the part of the owners, the Estate of Adoleson Melick or its predecessors. Without this express offer to dedicate by the owner, there can be no proper acceptance by the public or the Borough. We find that the alleyway in question is not a public way within the meaning of the court in Koerth, supra., and thus we decline to hold defendant liable on those grounds.

Plaintiff also theorizes that a jury question exists over whether her trip and fall actually started from the borough maintained sidewalk. The argument basically is that because the alleyway is a couple of inches lower than the sidewalk and this difference in height caused the fall, her trip must have originated on the Borough's sidewalk. We have found no case which mandates that the borough make sure the sidewalks are even with everything surrounding them in order to be negligence free.

## ORDER

And now, this September 9, 1982, plaintiff's motion to remove or set aside directed verdict and grant new trial is hereby denied for the reasons set forth herein.