459 A.2d 1272

**Reverend Alfred OTT, as Pastor of St. Ambrose Roman Catholic Church, Schuylkill Haven, Schuylkill County, Pennsylvania**

v.

**Leon A. REAGER, Marian M. Reager, and Margaret M. Reager Connors, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed April 22, 1983.

Petition for Allowance of Appeal Denied Sept. 7, 1983.

Maureen E. Hogan, Pottsville, for appellants.

Thomas J. Nickels, Pottsville, for appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is an action in equity. The plaintiff-appellee is the pastor of a church erected on a tract of land in North Manheim Township of which real property the pastor is the legal owner by a deed dated February 19, 1973. The church property's western boundary, according to the deed description and most of the testimony abuts Maple Court, a fifteen foot alley located in Schuylkill Haven Borough.[1] The Borough has been made an "involuntary plaintiff" in these proceedings, and has not been an active party. Maple

---

1. Defendants-appellants contend that the church property's western boundary is twenty feet to the west of Maple Court, but the lower court found that the church property abuts Maple Court.

Court has never been formally accepted as a public street by the Borough.

In November 1976, the plaintiff-appellee began construction of a church on the property. The church plans envisioned a paved driveway, using Maple Court, at the point where it intersects with Pear Street, for ingress and egress. Maple Court runs roughly north and south; as indicated above, it abuts the western boundary of the church property.

The appellants own property fronting on Pear Street. Pear Street runs east and west; is an opened, paved street, accepted by the Borough by ordinance in 1966; and on its eastern end terminates in a T intersection with Maple Court. Sometime after 1966 (not otherwise specified) the paving was extended by the Borough across the intersection with Maple Court to the hedge and tree line forming the church's western boundary. The driveway from the church parking lot, as planned, would empty into this paved portion of the T intersection.

In May, 1977, appellants caused an automobile to be placed in the Maple Court-Pear Street intersection, thus blocking public access across the intersection into the church property; and thereafter placed chain barriers across Maple Court at the intersection of Pear Street and also at the intersection of another street, Fern Court some short distance to the north.

The Church filed an equity action to enjoin appellants from obstructing access from the church property to Pear Street. The lower court found in favor of appellee. Exceptions were denied and a final decree was entered. This appeal followed.

The resolution of this appeal is dependent upon whether the public in general has a legal right of access across the intersection, which is, in turn, dependent upon whether Maple Court is a public street. It is undisputed that the Borough never expressly accepted or acquired Maple Court as a public street. In the court below appellee first argued

that Maple Court became a public way by reason of prescriptive use. The court found evidence of this contention insufficient. Neither party excepted to this ruling.

Appellee's second contention is that the public has a right to use Maple Court and Pear Street "by reason of dedication and implied acceptance by the Borough...." (Opinion, p. 2) The court sustained this contention based on the following findings. In 1910 the land west of the church property including what are now known as Pear Street and Maple Court was owned by W.T. Doherty and his sisters. Doherty, in 1910 (and again in 1917) divided this parcel according to an unrecorded plan; designating streets including Pear Street and Maple Court. Lots were sold within this plan. The lots were described in various deeds by reference to streets and courts in the plan. Some of these lots were subsequently conveyed to others with references to the plan being made in the deed.

As to the use of the streets, the court found that several owners of properties adjoining the plan have traversed Pear Street and Maple Court and Fern Court, from 1953 to 1977. One such owner used it "several times a month" between 1953 and 1977. And another used it ."on an almost daily basis" from 1960 to 1973. (Opinion p. 17) Such use was without permission or protest. In 1966, the Borough accepted Pear Street as a public street.[2] Sometime in 1966 the Borough paved Pear Street and across the portion of Maple Court immediately to the east of Pear Street up to the tree and hedge line of the property. In 1968 the Borough had installed a sanitary sewer system beneath Maple Court, extending from Pear Street to Fern Court. The Borough thereafter handled and adjusted complaints concerning drainage problems related to the sewer system. The Borough also handles the snow removal involving the intersection of Pear and Maple.

2. The court's 17th finding of fact was that the ordinance approved July 11, 1966 "accepted Pear Street as a dedicated street *up to the western edge of the Maple Court intersection* ...." (Emphasis added) The Borough officials testified that Maple Court was never accepted by the Borough.

The lower court concluded:

(a) That the grantor's conveyances of land by reference to a plan of his land, even though unrecorded, operated as an offer to dedicate to public use the streets and ways shown on the plan: *Reed v. Reese,* 473 Pa. 321, 374 A.2d 665 (1977); *Bieber v. Zellner,* 421 Pa. 444, 220 A.2d 17 (1966); *Rahn v. Hess,* 378 Pa. 264, 106 A.2d 461 (1954).

(b) Following the offer to dedicate, there must be clear and convincing evidence of an acceptance by the municipality within 21 years thereafter: *Kramer Appeal,* 438 Pa. 498, 266 A.2d 96 (1970); *Milford Borough v. Burnett,* 288 Pa. 434, 136 A. 669 (1927); plus the Act of May 9, 1889, P.L. 173, as amended, 36 P.S. § 1961.[3]

(c) The offer to dedicate is repeated in every subsequent deed in a chain of title, which repeats the language of the first deed: *Elliott v. H.B. Alexander & Son Inc.,* 41 Pa. Commonwealth Ct. 184, 399 A.2d 1130 (1979); *Eshelman v. Ephrata Borough,* 56 Lanc.Rev. 47 (1956) each new offer to dedicate may therefore be considered to open up a fresh 21 year period of limitations to accept.

(d) Acceptance of an offer to dedicate may be implied from long continued public use or from authorized municipal acts, *Kniss v. Borough of Duquesne,* 255 Pa. 417, 100 A. 132 (1917) (continuous general use by the public, plus the making of street repairs by street commissioners); *McKee*

**3.** The statute reads as follows:
Unopened ways or streets on town plots
Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened, without the consent of the owner or owners of the land on which the same has been, or shall be, laid out. 1889, May 9, P.L. 173, No. 192 § 1.
Repealed in Part
Repealed, in so far as section relates to boroughs, by act of 1915, May 14, P.L. 312, ch. XIII, art. I, § 1.
Although the statute has been repealed as to boroughs, equivalent provisions have been included in other legislation: see 53 P.S. § 46724, so that the same restriction is applicable to Boroughs. See *Elliott v. Alexander,* 41 Comwth.Ct. 184, 190 n. 4, 399 A.2d 1130, 1134 n. 4 (1979).

*v. Pennsylvania R.R. Co.*, 255 Pa. 560, 100 A. 454 (1917) (Incorporation of the street in borough maps, plus mentions in borough counsel records as a public street); *Steel v. Huntingdon Borough*, 191 Pa. 627, 43 A. 398 (1899) (repair and maintenance of the road) *Wensel v. N. Versailles Twp.*, 136 Pa.Superior Ct. 485, 7 A.2d 590 (1939) (ordinances giving a traction company a right to operate a street car line along the street; plus construction of a sewer in the bed of the street).

The lower court finally concluded that the Borough through its conduct had demonstrated an "intention to accept that portion of Maple Court in question here" citing *McKee v. Pennsylvania R.R. Co.*, supra. (Opinion pp. 19–20). Needless to say, the appellants disagree. They argue that the implied offer to dedicate by the original owners in 1910 expired at the end of 21 years thereafter under the statute quoted above, 36 P.S. § 1961, and the offer to dedicate was *not* renewed, by subsequent deeds making reference to the plan, despite the language in *Elliott v. H.B. Alexander & Son, Inc.*, discussed above.

■ Appellants cite three vintage Supreme Court decisions: *C.L. Flaccus Glass Co. v. Brackenridge*, 226 Pa. 89, 75 A. 36 (1909); *Scott v. Donora Southern R.R. Co.*, 222 Pa. 634, 72 A. 282 (1909); and *Cotter v. Philadelphia*, 194 Pa. 496, 45 A. 336 (1900). These three cases although relatively old do establish what is the applicable law in Pennsylvania. The principle seems correct and reasonably clear on careful consideration: Incorporation of streets and alleys into a plan, recorded or unrecorded, constitutes an offer to dedicate the streets and alleys for use by the public (as well as owners of land within the plan); however, reference in various deeds "to the plan for convenience of description; and to the streets as boundaries, does not give rise to an implication of a new dedication of the land for streets ..." *Cotter*, 194 Pa. at 497, 45 A. 336, quoted with approval in *Scott v. Donora Southern R.R. Co.*, 222 Pa. at 642, 72 A. 282. In *Elliott v. H.B. Alexander*, 41 Pa. Commonwealth Ct. at 190, 399 A.2d 1130, the Common-

wealth Court recognized, in rather special circumstances a
new dedication of a street originally dedicated in 1917,
where all of the owners of lots in the plan, including the
Elliott's predecessor in title, in 1949 joined in a petition to
have the land in the plan annexed to the City of Lebanon.
The petition contained a map showing the street in question.
The court held there was a rededication of the street to the
public.[4]  Accordingly, Elliott involved a very different factu-
al situation from the earlier Supreme Court cases, and from
the facts in the present case.

■ Nor is this appeal controlled by such cases as *Bieber
v. Zellner*, 421 Pa. 444, 220 A.2d 17 (1966) or *Vinso v.
Mingo*, 162 Pa.Superior Ct. 285, 57 A.2d 583 (1948).  A
superficial reading of those cases may appear to support
appellee's contention that subsequent deeds which refer to
a proposed or a private road may act as a rededication.
However, if *Bieber* and *Vinso* are read carefully and in
their full context, they stand for the proposition that when
a grantor subdivides a parcel and in the various deeds he
describes the subparcels by reference to a presently nonex-
isting or private road contained within the parcel then his
grantees have a right to use such road(s).  In other words,
only when the deed is from the original grantor will a
dedication be inferred.

■ In the present case, the record contains an admission
that there were five deeds on record in the Recorder of
Deeds office, each of which made reference to the Doherty
plan, but there is nothing in the record furnished to us to
establish that the grantor in any one, or all the five deeds
had, the authority or intention, express or implied, to make
a fresh rededication of Maple Court as a public way.

Therefore, we conclude that the offer to dedicate Maple
Court as a public way lapsed 21 years after 1910, or
perhaps 1917, under the 1889 statute, 36 P.S. § 1961, and
appellee has not demonstrated his right of access to cross

4.  It happens that in the *Elliott* case the court found, as appellants
argue here, that there was no sufficient proof of "an unequivocal
intention (of the municipality) to accept Decatur Street as a street
.... "  *Elliott*, 41 Commonwealth Ct. at page 191, 399 A.2d 1130.

372

Maple Court to Pear Street. As appellee's property did not devolve from the Doherty tract we need not discuss the rights of those property owners who are successors of the grantees of such tract.[5]

We vacate the order of the lower court, remand the case with directions that an appropriate decree consistent with this Opinion, be entered in favor of appellants.[6]

Jurisdiction is relinquished.

**5.** For a discussion on such grantees' rights see: *Bieber v. Zellner,* supra, and *Rahn v. Hess,* 378 Pa. 264, 106 A.2d 461 (1954); and *Hunsicker v. Katz,* 310 Pa.Superior Ct. 213, 456 A.2d 576 (1983).

**6.** At the time this action was commenced, 53 P.S. § 46724 provided as to boroughs, that a street could be opened subsequent to the 21 year period by consent of all the owners of the abutting real estate. Currently, the pertinent part of § 46724 reads:

Whenever any street shall have been laid out and shall not have been opened to, or used by the public for a period of twenty-one years, such street shall not thereafter be opened without the consent of at least fifty-one percent of the number of owners of the abutting real estate and without the consent of the owners of at least fifty-one percent of the property abutting such street, based on a front foot basis.

As amended 1978, April 28, P.L. 76, No. 36, § 1, effective in 60 days. As affected 1980, Oct. 5, P.L. 693, No. 142, § 306, effective in 60 days.

The parties have not addressed themselves to such provision.