John E. MURPHY, Assignee of Ruth G. Murphy, Appellant,

v.

Anthony MARTINI and Josephine Martini, His Wife, Appellees.

Superior Court of Pennsylvania.

Argued April 19, 2005.
Filed Sept. 8, 2005.

---

Robert J. Garvin, Pittsburgh, for appellant.

Joseph D. Talarico, Pittsburgh, for appellees.

Before: ORIE MELVIN, BENDER and BECK, JJ.

OPINION BY BENDER, J.:

¶ 1 John E. Murphy (Appellant), Assignee of Ruth G. Murphy, appeals from the order denying him standing to pursue a declaratory judgment action against Anthony and Josephine Martini, husband and wife (Appellees). For the following reasons, we reverse.

¶ 2 This case proceeded before the trial court on the following stipulated facts.

1. John E. Murphy is an adult individual who resides at 360 Southridge Drive, Pittsburgh, Allegheny County, Pennsylvania 15241.

2. Ruth E. Murphy is an adult individual who resides at 750 Washington Road, Unit 1008, Pittsburgh, Allegheny County, Pennsylvania 15228.

3. Anthony Martini and Josephine Martini, his wife (collectively, "Martini") are adult individuals who reside at 2617 Oak Drive, Pawley's Island, Georgetown County, South Carolina 29585.

4. On or about February 5, 2003, Ruth G. Murphy executed an Assignment of any claims she may have in this litigation to John E. Murphy. A copy of the Assignment is attached hereto and made part hereof as Exhibit "A".

5. The subject matter of the Declaratory Judgment Action ("Action") involves certain private rights-of-way or "paper streets" (collectively referred to as "rights-of-way") in a certain Plan of Partition in the Estate of Michael Baldesberger, as established in a certain Petition for Partition of Real Estate in the Estate of Michael Baldesberger in the Orphans' Court Division of the Court of Common Pleas of Allegheny County, Pennsylvania at File No. 3663 of 1944 ("Partition Action"). Attached hereto and made part hereof as Exhibit "B" is a true and correct copy of the Petition for Partition.

6. On December 18, 1944, the Orphans' Court in the Partition Action issued a Return of Inquest in which it established a fifty (50) foot right-of-way and a twenty-five (25) foot right-of-way, which bisect or affect eight (8) Purparts (Purparts A through H). Attached hereto and made part hereof as Exhibit "C" is a true and correct copy of the

Return of Inquest, Plan and Decree Nisi ("Return") which established the Purparts.

. . .

8. On August 31, 1976, Gregory M. Baldesberger, Alice E. Baldesberger, his wife, Josephine McWade, Edward J. Roach, Jr. and Catherine B. Roach, his wife, by their Deed dated August 31, 1976 and of record in the Office of the Recorder of Deeds of Allegheny County at Deed Book Volume 5686, Page 687 ("Original Martini Deed"), granted and conveyed unto Josephine Martini, [real property ("Subject Property") consisting solely of both rights of way.]

. . .

10. At the time of the Martini Conveyances on August 31, 1976 and April 7, 1978, the owners of the Purparts were as follows:

| Purpart | Owner |
| --- | --- |
| A | Larry A. Wells |
| B | Larry A. Wells |
| C | Ruth Murphy (East one-half) |
|   | Hugh Murphy (West one-half) |
| D | Hugh Murphy |
| E | Ruth Murphy and William Thomas, et. ux. |
| F | Larry Wells |
| G | Alice McGaw |
| H | Woshners, et. al |

11. None of the Grantors in the Martini Conveyances had full legal right or title in any of the puparts at the time of the conveyances nor any in the right-of-way.

Stipulation of Facts, 5/28/05, at 1–4.

¶ 3 As the extraordinary facts show, on August 8, 1944, the Orphans' Court partitioned real estate within the Estate of Michael Baldesberger, dividing it into eight purparts with a road and an alley running through the purparts. Over the years, the purparts were sold, ostensibly without any further subdivision. By 1976, through various conveyances of the lots, they came to be owned by the individuals listed in Stipulation Number Ten.

¶ 4 On August 31, 1976, a group of individuals sold to Appellees real estate consisting solely of the unopened road and alley, without any of the abutting land. To be clear, at the time of this bizarre transaction, neither the sellers nor the Appellees owned any of the lots or the unopened road or alley.

¶ 5 At the conclusion of the underlying declaratory judgment action, the trial court concluded that Appellant lacked standing because his assignor had no interest in the rights of way other than that as an abutting landowner. Appellant then filed the instant appeal raising two questions for our review:

A. Did the trial court commit an error of law in determining that the Appellant lacked standing to pursue the declaratory judgment action?

B. Did the trial court commit an error of law in determining that the provisions of 36 P.S. § 1961 did not apply to the Appellant's claim?

Brief for Appellant at vii.

¶ 6 "In reviewing a declaratory judgment action, we are limited to determining whether the trial court clearly abused its discretion or committed an error of law." *Bianchi v. Bianchi,* 859 A.2d 511, 515 (Pa.Super.2004).

Declaratory judgment actions follow the practice and procedure of an action in equity. Consequently, we will review the decision of the lower court as we would a decree in equity and set aside the factual conclusions of that court only where they are not supported by adequate evidence. The application of the law, however, is always subject to our review.

*White v. Keystone Ins. Co.,* 775 A.2d 812, 813 (Pa.Super.2001).

¶ 7 Although Appellant raises two questions for our review, they are intertwined issues, and therefore, we shall address them jointly. The central issue in this appeal is whether 36 P.S. § 1961 applies to the fact of this case. The statute states:

### § 1961 Unopened ways or streets on towns plots

Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened, without the consent of the owner or owners of the land on which the same has been, or shall be, laid out.

36 P.S. § 1961. For purposes of this statute, a "street becomes public when it is (1) dedicated to public use and (2) accepted by the municipality." *Leininger v. Trapizona,* 165 Pa.Cmwlth. 493, 645 A.2d 437, 440 n. 1 (1994). If the street is not accepted within 21 years, "the land is discharged from such servitude, and the dedicated portion of it has entirely lost its character as a public street." *Rahn v. Hess,* 378 Pa. 264, 106 A.2d 461, 463–64 (1954) (quotation marks omitted).

¶ 8 Thus, we must first determine whether the road and alley in this case were dedicated to public use. "Any act of the owner which clearly indicates an intention to dedicate is sufficient, and the offer may be express or implied by acts, deeds, plots or plans." *Tobin v. Radnor Tp. Bd. of Comm'rs,* 142 Pa.Cmwlth. 567, 597 A.2d 1258, 1264 (1991). "Incorporation of streets and alleys into a plan, recorded or unrecorded, constitutes an offer to dedicate the streets and alleys for use by the public." *Ott v. Reager,* 313 Pa.Super. 365, 459 A.2d 1272, 1275 (1983).

¶ 9 In the instant case, the trial court concluded that the road and alley were never dedicated to public use. We find this conclusion to be in error. The partition plan lays out the road and alley. The descriptions of the purparts include the road and alley as boundaries for the various parcels. In the subsequent sale of these lots, the road and alley were retained as boundaries and as paths of ingress and egress. Clearly, the individuals who purchased their lots relied upon these unopened rights of way for future access to their land. Under these circumstances, we conclude that the road and alley were dedicated to public use.

■ ¶ 10 It is not disputed that the road and alley were never accepted by the municipality. Therefore, the public's right of use was extinguished.

> However, while the public easement or right of use in such lanes or alleys is lost as the result of the passage of such time and lack of use, the purely *private* rights of easement of individual property owners in the plan of lots to use the alley or way is not extinguished.

*Riek v. Binnie,* 352 Pa.Super. 246, 507 A.2d 865, 867 (1986). "The designation of a street as a boundary, in a conveyance of land, whether opened or not, if it be on land of the grantor, is an implied covenant by the grantor that it shall be open for the use of the grantee as a public way, and as a means of access to the land conveyed." *Barnes v. Philadelphia,* 27 Pa.Super. 84, 1905 WL 3546 *2 (1905). Appellant's assignor's land is bounded by the road and the alley, and therefore, Appellant's assignor currently possesses an easement for ingress and egress to the lots over the unopened road and alley. Accordingly, we conclude that Appellant had standing to bring this action.

¶ 11 Furthermore, where a street has been dedicated to public use and the public does not accept the dedication, if the side of the street is a boundary in the deed for abutting land, the owners of this abutting land take title to the center line of the street. *See Rahn,* 106 A.2d at 464. The unopened road and alley are named boundaries for parts of Appellant's assignor's properties. Consequently, she is entitled to legal title to the center line of the road and alley on those portions of which her land abuts the road and alley.

¶ 12 We reverse the order denying standing to pursue declaratory relief and direct the entry of the relief requested in Appellant's declaratory judgment action.